FRANK J. RYAN and THE RYAN FLORIDA CORPORATION v. STATE, by W. V. KNOTT, JAMES M. LEE and CARY D. LANDIS, as and constituting the FORIDA SECURITIES COMMISSION.

180 So. 10.

Division B.

Opinion Filed February 18, 1938.

Rehearing Denied April 5, 1938.

*Zewadski & Pierce,* for Appellants;

*Cary D. Landis,* Attorney General, *H. E. Carter* and *John L. Graham,* Assistant Attorneys General, and *J. Rex Farrior,* State Attorney, for Appellee.

.PER CURIAM.—This is the second appearance of this case here. For its former appearance see Ryan v. State, by Knott, 128 Fla. 1, 174 So. 438.

In that case, the final decree below permanently enjoining the Ryan Florida Corporation, its officers and agents, and Frank J. Ryan from offering for sale or selling certain described securities, unless and until they register and qualify with the Florida Securities Commission in accordance with the provisions of the Florida Uniform Sale of Securities

Act, was reversed by this Court because there was not sufficient evidence to show that the Securities Commission authorized the institution of the suit. That final decree was reversed without prejudice, and the Circuit Court allowed to entertain petition to reopen the case upon further evidence, if consistent with the pleadings and opinion of this Court.

Upon petition for rehearing, reargument and for modification of the opinion filed by this Court in the case on February 6, 1937, the Supreme Court ordered that the petition be denied without prejudice to the right of appellants to represent to the Circuit Court and without prejudice to the right of the Circuit Court to reconsider undisposed of questions presented by the answer and not discussed in the opinion of this Court.

Plaintiff filed a petition in the court below praying that the court reopen the case for further evidence and permit amendment of the bill of complaint so as to strike from the fifth paragraph thereof the words, "as appears from a copy of said order attached thereto as Exhibit 'A,' and hereby made a part of this bill of complaint."

The order of the court granting this motion was in the following language:

"This cause coming on this day upon plaintiff's petition to reopen this cause for the taking of further testimony, and the Court being satisfied that due notice has been given attorneys for the defendants.

"It is thereupon ordered, adjudged and decreed that the same is hereby granted so that the plaintiff may introduce further evidence relating to the authority for the institution of this suit in accordance with the prayer and request of said petition."

A petition was filed by the defendants asking that they be allowed to represent the matter embraced in the second

question presented on the former appeal, which was stated there as follows:

"SECOND QUESTION: Where bill in equity is brought by the State Securities Commission to enjoin the alleged dealing in securities by a person not duly qualified under the Securities Act, but there is no showing, either in the bill or by evidence, that the person sought to be enjoined is at present dealing in securities or that there is any threatened future violation of law unless enjoined, and the only acts relied upon by the Commission are transactions long since completed, can such such bill be maintained?"

No order was made upon this petition.

The case was reopened for the taking of additional testimony and the introduction of further evidence that the Securities Commission had authorized the institution of this suit. No evidence was permitted to be introduced on the point as to whether the defendants had ceased doing the acts complained of at the time the suit was instituted.

The former opinion of this Court contemplated that other evidence could be submitted to show that the Securities Commission duly authorized the institution of this suit, if consistent with the pleadings and the opinion there rendered. See Ryan v. State, by Knott, 128 Fla. 1, 174 So. 438. After the case was remanded to the lower court, a motion was filed by plaintiff asking in effect that the allegation that authority of the Securities Commission to bring this suit was obtained from Exhibit "A," be stricken from the bill of complaint. The court so ordered in effect, and it was then proper to introduce evidence as to the authority given by the Securities Commission to institute this suit. That authorization was evidenced by the following certificate:

"STATE OF FLORIDA,

"COUNTY OF LEON.

"We, J. M. Lee, as Comptroller of the State of Florida, W. V. Knott, as Treasurer of the State of Florida, and Cary

D. Landis, as Attorney General of the State of Florida, as and constituting the Florida Securities Commission under Chapter 14899, Laws of Florida, Acts of 1931 and amendments thereto, do hereby jointly and severally certify as follows:

"That we authoirzed the institution of injunction proceedings in the Circuit Court of Hillsborough County, Florida, against Frank J. Ryan and The Ryan Florida Corporation, a corporation, on the 12th day of June, A. D. 1936, and that pursuant to said authorization injunction proceedings were instituted in the name of the State of Florida by W. V. Knott, J. M. Lee and Cary D. Landis, as and constituting the Florida Securities Commission, on the 1st day of August, A. D. 1936. That the following entry was made on the minutes of the meeting of the Florida Securities Commission on said 12th day of June, A. D. 1936:

" 'Mr. Gunby, Examiner for Commission, made report on case of Frank J. Ryan, Tampa, with reference to sale of oil and gas leases in violation of the Florida Securities Act, and was directed to proceed with the case.'

"That said minutes were the record evidence of said action taken by the Florida Securities Commission in authorizing and directing the institution of said chancery suit. That subsequently thereto, at the meeting held on the 17th day of August, A. D. 1936, such action was confirmed by the Florida Securities Commission and the following entry was made in the minutes of said meeting evidencing such confirmation:

" 'Correspondence of Attorney General with Frank J. Ryan, Tampa, Florida, was brought to the attention of the Commission, inasmuch as this correspondence stated the Secretary would advise Mr. Ryan about a hearing before

it. However, upon the facts submitted it was decided to await the outcome of the case pending in the court in Hillsborough County. That is injunction proceedings.'

"IN WITNESS WHEREOF, we hereunto set our hands and affix our seals this 23 day of April, A. D. 1937.

"(Comptroller's Seal)

"J. M. LEE,

"Comptroller of the State of Florida,

"(Treasurer's Seal)

"W. V. KNOTT,

"Treasurer of the State of Florida,

"CARY D. LANDIS,

"Attorney General of the State of Florida,

"(SEAL)

"As and constituting the

Florida Securities Commission."

This document is a certificate of the State Comptroller, the State Treasurer and the Attorney General, as and constituting the Securities Commission, that the records of the Securities Commission contained the statements copied and set forth therein; and that the Securities Commission authorized the institution of the injunction proceedings in the Circuit Court of Hillsborough County against Frank J. Ryan and the Ryan Florida Corporation, on June 12, 1936. Each of the members of the Securities Commission is a State Officer and has an official seal. Two of the three members placed their official seals opposite their signatures and a third seal was placed below the signature of the Attorney General opposite the words, "as and constituting the Florida Securities Commission." Section 4396 C. G. L. provides:

"The certificate of any State officer, under his seal of office, as to any official act occurring in the course of the

official business of the office in which he presides, shall be *prima facie* evidence of such fact."

Inasmuch as each of the three members of the Securities Commission is a State officer to whom Sec. 4396 C. G. L. is applicable, and all three of them signed this certificate as and constituting the Florida Securities Commission, and two of the three members had the seals of their respective offices placed opposite their signatures, while a third seal was placed thereon below the name of the last member of the Securities Commission, and the Uniform Sale of Securities Act did not provide that the Securities Commission should have a seal of its own, Sec. 6002 (3), (4) C. G. L. Perm. Supp. 1936, this certificate is entitled to be admitted in evidence as *prima facie* evidence of the facts certified to therein.

It is contended that the minute entry of the Securities Commission on June 12, 1936, was not sufficient to authorize the institution of this suit against Frank J. Ryan and the Ryan Florida Corporation. The minute entry referred to appears to be in terms that are sufficiently general in nature to include authority to institute suit anywhere as it became necessary. However, the certificate also stated that the Securities Commission authorized institution of this suit in the Circuit Court of Hillsborough County against Frank J. Ryan and the Ryan Florida Corporation, and under the statute, Sec. 4396 C. G. L., the certificate is *prima facie* evidence of that fact. This *prima facie* evidence was not successfully rebutted. Mr. Knott, State Treasurer and Chairman of the Securities Commission, was the only witness who could have given testimony to rebut the facts stated in the certificate, but he did not, even on cross-examination, contradict, in any way the facts as stated in the certificate. The chancellor below correctly found, therefore, that this injunction suit was begun against these de-

fendants by authority of the Florida Securities Commission.

It is contended that the lower court erred in sustaining objections made to every attempt to introduce evidence on the point that the defendants had ceased doing the acts complained of in the bill of complaint, at the time the bill of complaint was filed.

The Uniform Sale of Securities Act provides that the Securities Commission may, in addition to other remedies provided, enjoin the following enumerated violations of this Act:

"Whenever it shall appear to the commission, either upon complaint or otherwise, that in the issuance, sale, promotion, negotiation, advertisement, or distribution of any securities within this State, including any security exempted under the provisions of Section 6002 (5), and including any transaction exempted under the provisions of Section 6002 (6), any person, as defined in this law;

"(1) shall have employed or employs, or is about to employ, any device, scheme or artifice to defraud or for obtaining money or property by means of any false pretense, representation or promise;

"(2) or that any person shall have made, makes or attempts to make in this State fictitious or pretended purchases or sales of securities;

"(3) or shall have engaged in or engages in or is about to engage in any practice or transaction or course of business relating to the purchase or sale of securities, (a) which is in violation of law, (b) or which is fraudulent, (c) or which has operated or which would operate as a fraud upon the purchaser; any one or all of which devices, schemes, artifices, fictitious or pretended purchases or sales of securities, practices, transactions and courses of business are

hereby declared to be and are hereinafter referred to as fraudulent practice;

"(4) or that any person is acting as dealer or salesman within this State without being duly registered as such dealer or salesman as provided in this law;

"The commission may investigate, and whenever it shall believe from evidence satisfactory to it;

"(a) that any such person has engaged in, is engaged or is about to engage in any of the practices or transactions hereinbefore referred to as and declared to be fraudulent practices;

"(b) or is selling or offering for sale any securities in violation of this law or is acting as a dealer or salesman without being duly registered as provided in this law; the commission may, in addition to any other remedies, bring action in the name and on behalf of the State of Florida against such person and any other person or persons concerned in or in any way participating in or about to participate in such fraudulent practices or acting in violation of this law, to enjoin such person and such other person or persons from continuing such fraudulent practices or engaging therein or doing any act or acts in furtherance thereof or in violation of this law."

The first three violations enumerated in this quoted section relate to fraudulent practices, and these fraudulent practices may be enjoined by the Florida Securities Commission if the defendant *shall have done,* or *is now doing,* or *is about to do* the thing complained of. The fourth violation enumerated in this quoted section relates to the failure to qualify with the Securities Commission so as to be able to deal in securities, and the Securities Commission may enjoin this violation of the section if the defendant *is now dong* the thing complained of.

The bill of complaint alleges the violation of the fourth provision of the section above quoted, in this language:

"That the defendant, Frank J. Ryan, and the Ryan Florida Corporation, a corporation, organized and existing under the laws of Florida, jointly and separately, are dealing in securities within the State of Florida as defined in said Uniform Sale of Securities Act, in that they, jointly and severally, are offering for sale and selling certain 'Partnership Profit Sharing Agreements' and Guaranteed Resale Lease Agreements, other securities; that said defendants, jointly and severally, have failed and refused to register with the said Florida Securities Commission, post bond, pay the fee and otherwise comply with the provisions of said Uniform Sale of Securities Act, and each of said defendants fails and refuses so to do."

The defendants' answer contained a paragraph specifically answering this paragraph of the bill of complaint, which portion of the answer is as follows:

"Answering paragraph three of the bill, these defendants expressly deny that Frank J. Ryan and the Ryan Florida Corporation, or either of them, is or are dealing in securities within the State of Florida, as defined or contemplated in or under said Securities Act aforesaid, and deny that they are, or either of these defendants is, offering for sale or selling any form of securities coming within the purview of definition of said Securities Act, either so-called 'Partnership Profit Sharing Agreements' or 'Guaranteed Resale Lease Agreements,' or otherwise. These defendants further say that they have not registered with the Florida Securities Commission, or posted bond therewith or paid the fee thereto, but these defendants and each of them expressly deny that they have failed or refused or neglected so to do, but that the facts pertaining thereto are as hereinafter set forth and averred."

This part of the answer does not undertake to deny fully and completely that defendants were then doing the things alleged in the third paragraph of the bill of complaint; but the most that can be said for this paragraph of the answer is that it denies that defendants are dealing in, or are offering for sale, or are selling securities as defined or contemplated by the Securities Act. It merely puts in issue whether, if defendants have been engaged in various transactions, such transactions come within the purview of and are prohibited by the Securities Act. It was determined on the former trial that defendants had engaged in certain transactions, which this Court, on appeal, held were within the purview of the Uniform Sale of Securities Act. See Ryan v. State, by Knott, 128 Fla. 1, 174 So. 438. Explanation of why the defendants have not registered with the Securities Commission, posted bond or paid their fee, it is said, will be set forth in another part of the answer.

By the following averments, the answer admits that the transfer and sale of securities is still being continued by the defendants:

"These defendants allege that Frank J. Ryan is the agent, or rather fiscal agent, of Malone & Pope, Inc., a corporation doing business in Florida, and having its principal place of business in Tampa, Florida, which corporation is duly qualified and registered under the Securities Act as a dealer in securities, having registered and posted the requisite bond required by the Act, and being recognized as such by the Florida Securities Commission; that said Malone & Pope, Inc., is engaged, through Frank J. Ryan, its fiscal agent, in the sale of oil and gas leases upon properties controlled by Malone & Pope, Inc., but which said leases are not securities within the meaning or purview of the Securities Act, but are straight-out leases conveying a full lease in its entirety upon the property described therein;

but said leases so dealt in by Malone & Pope, Inc., through its said fiscal agent, do not convey any undivided interest in an oil and gas lease or in any profit-sharing venture, but constitute a *bona fide* complete lease within itself, and the lease in each instance constitutes a negotiable, transferable, recordable instrument which becomes the sole and exclusive property of the purchaser; that in each of such transactions so handled by Frank J. Ryan as fiscal agent, the assignment of said lease is made direct from Malone & Pope, Inc., to the purchaser. These defendants further allege that, after the transactions are handled as aforesaid, but not as a part or parcel thereof, or in any part a consideration therefor, or even incidental thereto, it is the desire of Frank J. Ryan to secure an independent and private contract with the purchaser, constituting an exclusive resales agreement between Frank J. Ryan and the purchaser, whereby Frank J. Ryan as an individual is given the exclusive right and privilege of reselling the lease theretofore purchased from Malone & Pope, Inc., but which said resales agreement only comes into effect and becomes operative upon the 'bringing in' of a producing oil well by Malone & Pope, Inc., or its affiliate Company, Southern Petroleum Corporation, which handles the drilling of the well."

The defendants differed with the Securities Commission on what constituted a security as contemplated by the Uniform Sale of Securities Act; but in the former appeal of this case, this Court decided that issue adversely to the contention of the defendants. See Ryan v. State, by Knott, 128 Fla. 1, 174 So. 438. So all averments of this paragraph of the answer to the effect that certain transactions were not regulated by the Securities Act can be disregarded in so far as this Court has decided to the contrary. Eliminating the averments that these transactions do not involve securities within the meaning of that term as used

in the Uniform Sale of Securities Act, this quoted portion of the answer admits that these transactions are continuing in the present. Since that fact is admitted by the pleadings, it is not in issue, and the chancellor properly excluded each proffer of the defendants to show that they had abandoned the acts complained of in the bill of complaint.

These points discussed were the only ones properly raised on this appeal. No error having been made to appear upon the disposition of these points by the trial court, the final decree is hereby affirmed.

Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.